FILED

2008 Feb-29  AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY S. PALMER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:07-CV-1172-RDP** |
| | } | |
| **AMERIQUEST, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

### <u>MEMORANDUM OPINION</u>

Before the court is Plaintiff's Motion to Remand (Doc. # 5), filed on July 2, 2007. Defendants' response in opposition (Doc. # 7) was filed on July 18, 2007 and Plaintiff's reply (Doc. # 8) was filed on August 13, 2007.  The issues are fully briefed and came under submission on August 13, 2007.  For the reasons stated herein, the Plaintiff's motion is **GRANTED**.

### I.      Factual Background

Plaintiff filed this action against the Defendants, two companies that provide mortgage services, alleging breach of contract.  Her complaint seeks economic damages of $50,000.  On May 1, 2007, Plaintiff amended her complaint to include fraud claims for which she demanded unspecified compensatory damages, damages for mental anguish, and punitive damages.  After the amended complaint was filed, Defendants removed this action on June 21, 2007.  (Doc. # 1). Plaintiff's motion to remand was filed within thirty days of the removal of this action in compliance with 28 U.S.C. § 1447(c).

### II.      Analysis

A removing defendant must establish that it is entitled to removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. *Leonard v. Enterprise Rent a Car*,

279 F.3d 967, 972 (11th Cir.2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Because removal infringes upon state sovereignty and implicates core concepts of federalism, courts must construe removal statutes narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir.1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D.Ala.2000) ( "Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."). Analyses of removal must consider that, "[i]n light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction ... [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined ." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir.2000) (citations omitted).

The parties agree that there is no federal question presented in either the original or amended complaint; rather, Defendants have based this removal on diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, the citizenship of the parties is not at issue and the parties have confined their arguments to the issue of the amount in controversy. This court has the duty "to assure itself

that the case involves the requisite amount in controversy." *Morrison*, 228 F.3d 1255, 1261 (11th Cir. 2000). The amount in controversy is assessed as of the time of removal. *Burns*, 31 F.3d at 1097 n. 13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal.").

Plaintiff has demanded $50,000 in economic damages arising from Defendants' alleged breach of contract.  In addition, Plaintiff demands unspecified amounts in additional compensatory damages, mental anguish damages, and punitive damages arising from Defendants' alleged fraud. The amended complaint does not specify the amount demanded and does not make reference to the $50,000 damage figure that appears in the original complaint.  Because Plaintiff has not pled a specific amount of damages, Defendants "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted).

The issue presented by this case is what evidence is available to Defendants to carry this burden.  Plaintiff cites the recent case of *Lowery v.  Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) which holds that a removing defendant can rely only upon "the limited universe of evidence available when the motion to remand is filed–i.e., the notice of removal and accompanying documents."  483 F.3d at 1214.  Defendants respond with two arguments: (1) *Lowery* is in direct conflict with a prior decision of a different panel of the Eleventh Circuit, *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000), that allowed defendants in that case to obtain discovery on amount in controversy issues; and (2) even if *Lowery* controls, the fact that Plaintiff's amended complaint added new claims seeking both more damages and different types of damages

3

shows that the Plaintiff demands more than the jurisdictional minimum.  The court will address these arguments in turn.

        a.      Does *Lowery* Conflict with *Sierminski*?

Where two different panels of the Eleventh Circuit address the same issue and reach different conclusions, lower courts and litigants face potential confusion.  To resolve this issue, the Eleventh Circuit has adopted the prior panel precedent rule: "[u]nless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000).  This court therefore must determine if *Lowery* and *Sierminski* decided the same legal issue.  If they do, the *Sierminski* rule will apply.  If not, both are good law and bind this court.

In *Sierminski*, the court addressed the issue of "what types of proof are appropriate for the district court to consider in determining whether the defendant has satisfied [its] burden," and stated that:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, <u>allowing</u> the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, any post-petition affidavits are allowable only if relevant to that period of time."

*Sierminski*, 216 F.3d at 948, 949 (emphasis added) (quoting *Allen v. R & H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)..  The decisions of the "sister circuits" to which the court aligned itself  were *Allen*, 63 F.3d at 1335 (5th Cir. 1995) (allowing courts to determine if a sufficient amount in

4

controversy is "facially apparent" and, if it is not, to consider affidavits of facts as evidence sufficient to show the jurisdictional amount); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (using the *Allen* approach); and *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997) (allowing district courts to consider any "evidence [that] sheds light on the situation which existed when the case was removed"). The *Sierminski* court affirmed the district court's use of information gleaned from requests for admissions that the plaintiff failed to answer, effectively allowing discovery on amount in controversy issues. *Sierminski*, 216 F.3d at 947.

The *Lowery* court considered two issues that are similar to the issue decided in *Sierminski*. It stated the first issue it considered this way: "[o]ur first question involves the scope of evidence on which a removing defendant may rely to establish jurisdiction." *Lowery*, 483 F.3d at 1211. The court allowed district courts to look only[1] to "the document received by the defendant from the plaintiff–be it the initial complaint or a later received paper...." *Id.* at 1213. If these papers lack a foundation for jurisdiction "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id.* at 1215.

The second question addressed jurisdictional discovery directly: "[w]e next consider whether a district court faced with insufficient evidence to establish jurisdiction may, in assessing the propriety of removal, invoke discovery to supplement that evidence." *Id.* at 1215. This question the court answered in the negative. It stated that:

---

[1]The court noted that there are some exceptional situations in which looking to sources other than the complaint or other papers would be proper. *Lowery*, 483 F.3d at 1215 (allowing the court to consider evidence from (1) a contract that provided liquidated or default damages and (2) papers received by the defendant from the plaintiff after the filing of the notice of removal that "would [themselves] provide sufficient grounds for removal"). Neither of these exceptions apply here.

> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy assumptions that flow from and underlie them. Certainly, the power to grant discovery generally is conferred to the sound discretion of the district court, and post-removal jurisdictional discovery may appear to present a viable option for a court examining its jurisdiction. Jurisdictional discovery could avoid the problem of speculation by the court. Sound policy and notions of judicial economy and fairness, however, dictate that we not follow this course.

*Id.* at 1215-16 (analogizing a removing defendant's obligation to investigate the jurisdictional facts of his notice of removal to a federal plaintiff's obligation to assert jurisdiction in a complaint).

A careful side-by-side reading of these cases makes clear that *Sierminski* does not require that courts order jurisdictional discovery; it merely allows courts to consider evidence gleaned from discovery. On the other hand, *Lowery* appears to prohibit a court from ordering discovery, but, consistent with *Sierminski*, does not preclude a court from considering evidence produced in discovery in state court prior to removal. *Sierminski* addresses this court's discretion to invite or consider jurisdictional discovery; *Lowery* addresses this court's power to order jurisdictional discovery.[2]

In any event, this court is not inclined to allow jurisdictional discovery, a result that is consistent with both *Sierminski* and *Lowery*. This court is charged to hold strictly to the limitations set on its removal jurisdiction. *See Morrison*, 228 F.3d at 1268. As the evidence before the court does not support this court's jurisdiction over the subject matter, the appropriate course is to remand the cause to state court. 28 U.S.C. § 1447(c). The reasons why the court concludes that remand is appropriate are explored in the next section.

---

[2]The court finds it significant (but not dispositive) that the Eleventh Circuit has decided not to review *Lowery* en banc. 2008 WL 41327 (11th Cir., Jan. 3, 2008). While the court does not want to draw too strong of an inference from the Eleventh Circuit's silence, the fact that the Eleventh Circuit apparently did not see a conflict between *Lowery* and *Sierminski* serves to confirm this court's conflict analysis.

b.      Can Defendants Show the Jurisdictional Amount in this Case Without Discovery?

Defendants have asserted that the Plaintiff's amended complaint increases the value of her claims above the jurisdictional amount of $75,000.[3]  Plaintiff disagrees, noting that nothing in her pleadings or motions establishes that she is claiming more than $75,000.  The court agrees with the Plaintiff.

A common theme in the removal precedents is that removing parties must produce evidence showing that the court has jurisdiction, proving by a preponderance of the evidence that a claimant's unspecified claim exceeds the jurisdictional minimum.  *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (abrogated in part by *Cohen*, 204 F.3d at 1076); *Williams*, 269 F.3d at 1319-20 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden"); *Lowery*, 483 F.3d at 1211.  Defendants in this case have produced no evidence at all beyond (1) the amounts Plaintiff state in damages arising out of Defendants' alleged breach of contract, itself too little to justify removal; and (2) the uncertain amount of damages that may flow from Defendants' alleged fraud.  Defendants ask the court to infer from Plaintiff's amended complaint that Plaintiff has at least increased her demand by half, but the court cannot draw that inference.  Consideration of what amounts are hypothetically available or usually

---

[3]Defendants have not argued that Plaintiff's specified demand for $50,000 of economic damages is a false assessment of the breach of contract claim.  Had they advanced such an argument, they would have been required to prove "to a legal certainty" that the amount stated by Plaintiff's claims exceed the jurisdictional minimum.  *Burns*, 31 F.3d at 1095.  The evidence advanced by Defendants would fall far short in quality and quantity for them to overcome the strong presumption in favor of Plaintiff's stated amount.

awarded in like cases cannot be evidence in this case sufficient to carry the Defendants' burden. *See Lowery*, 483 F.3d at 1215 (noting that the defendant usually receives the information that makes the case removable from the plaintiff). Evidence must take the form of something more than a possibility. For this court to retain jurisdiction over this case, it would be necessary for this court to assume that Plaintiff seeks at least $75,000. This kind of assumption is prohibited because it impermissibly asserts federal jurisdiction where jurisdictional facts are wanting.

The Eleventh Circuit's decision in *Williams* is helpful. There, the court held that the defendant did not carry its burden of establishing the jurisdictional amount when it produced only (1) its assumptions about the value of the plaintiff's claims and (2) the fact that the plaintiff would not sign an affidavit stating that the plaintiff would not accept more than the jurisdictional amount. *Williams*, 269 F.3d at 1320. It is instructive that the *Williams* court found that the plaintiff's claims did not facially rise to the jurisdictional minimum even where there were claims for "general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time."[4] *Id.* Defendants in this case have asserted that this court should engage in precisely the kind of damage averaging or speculating that *Williams* forbids. Such speculation is inconsistent with the policy of resolving uncertainties in favor of remand. *See Burns* 31 F.3d at 1095 ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing. . . removal statutes are construed

---

[4]The court in *Williams* remanded the cause back to the District Court for jurisdictional discovery, but based its decision on the fact that the plaintiff failed to challenge jurisdiction in a timely manner. 269 F.3d at 1320-21. The interest of judicial economy that underlies the decision to remand for discovery in *Williams* is not present in this case, so this court is not bound to allow discovery here.

narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

Defendants also assert that a finding that Plaintiff's unspecified demand for damages insufficient to show that the amount in controversy is at least $75,000 is tantamount to finding that no unspecified demand could ever warrant removal. Defendants misunderstand the nature of their removal burden. Federal courts are courts of limited jurisdiction. State courts, on the other hand, are courts of general jurisdiction. Congress no doubt has enacted removal legislation to allow state court defendants to remove certain cases to federal court when removal jurisdiction exists and other conditions are met. However, a primary policy behind removal is to protect the interests of the States in litigating cases without undue federal intervention. Section 1446 allows defendants the opportunity to pursue jurisdictional discovery through the state courts for as long as a year after the filing of the action, marshaling the information needed to file a notice of removal supported by sufficient facts. 28 U.S.C. § 1446(b). Parties seeking removal are not precluded from conducting jurisdictional discovery, though they may have to rely on informal discovery or engage in formal discovery in state court in order to investigate jurisdictional facts.

## III.   Conclusion

For these reasons, the Plaintiff's Motion for Remand is **GRANTED**. The court shall enter an order consistent and contemporaneous with this memorandum opinion, remanding the cause to the Circuit Court of St. Clair County, Alabama.

**DONE** and **ORDERED** this ____29th____ day of February, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

9